William A. BLACKWELL, Appellant,

v.

UNITED STATES DEPARTMENT OF
the TREASURY, et al.

No. 86–5690.

United States Court of Appeals,
District of Columbia Circuit.

Argued Sept. 22, 1987.

Decided Oct. 16, 1987.

David J. Ontell, Washington, D.C., for
appellant.

Robert V. Zener, Dept. of Justice, with
whom Richard K. Willard, Asst. Atty. Gen.,
Dept. of Justice, Joseph E. diGenova, U.S.
Atty. and Anthony J. Steinmeyer, Dept. of
Justice, Washington, D.C., were on the
brief, for appellees.

Before RUTH BADER GINSBURG,
STARR and NIES\*, Circuit Judges.

Opinion for the Court filed by
Circuit Judge RUTH B. GINSBURG.

Opinion concurring in the judgment
filed by Circuit Judge NIES.

RUTH BADER GINSBURG, Circuit
Judge:

■ The district judge found that plain-
tiff-appellant Blackwell suffered discrimi-
natory denial of a government employment
opportunity because the supervisory officer
who served as second interviewer, Mr.
Strange, perceived Blackwell to be a homo-
sexual. *Blackwell v. U.S. Dep't of the
Treasury*, 656 F.Supp. 713, 715 (D.D.C.
1986). We agree with the district court
that there is no precedent for holding that
one's sexual orientation or preference falls
within the compass of the Rehabilitation
Act, 29 U.S.C. §§ 701–796. *Cf. Espinoza
v. Farah Mfg. Co.*, 414 U.S. 86, 94 S.Ct.
334, 38 L.Ed.2d 287 (1973) (Title VII's pro-
hibition of discrimination on account of
"national origin" does not embrace discrim-
ination on account of alienage). Accord-
ingly, we affirm the district court's judgment.

■ We vacate the district court's opin-
ion, however, because it appears to state
that relief under the Rehabilitation Act is

to 28 U.S.C. § 291(a).

conditioned upon a complainant's giving the interviewing officer precise notice of a handicap that is not "automatically apparent." 656 F.Supp. at 715. Such a notice requirement draws no support from any cited authority and is in tension with the regulatory admonition against asking the prospective employee whether he or she is handicapped. See 29 C.F.R. § 1613.706(a). Furthermore, the liability of a government department under the Act should not turn on the level of sophistication or ability to classify of the particular interviewing officer—in this case, on whether that officer knows that homosexuality and transvestism are not one and the same.

For the reasons stated, the district court's opinion, reported at 656 F.Supp. 713, is vacated, but that court's judgment dismissing the complaint is affirmed.

*It is so ordered.*

NIES, Circuit Judge, concurring in the judgment:

I join the majority in affirming the district court's judgment but vacating the district court's decision. However, I write separately to make clear that an applicant for federal employment cannot maintain a claim of handicap discrimination because of a particular condition if that handicapping condition is unknowable without violating the regulations against asking questions concerning a person's handicaps. As a matter of logic, discrimination cannot be the basis for the agency's decision in such instances.

In connection with an adverse action against a government employee, such as removal, the employee may assert that the grounds for the adverse action are pretextual and that, in fact, the adverse action was taken because of handicap discrimination. As part of that affirmative defense to the adverse action,[*] the employee must show that the agency knew or reasonably should have known of the handicapping condition. See, e.g., Brink v. United States Veterans Admin., 4 MSPB 419, 423, 4 M.S.P.R. 358 (1980); Dahl v. Department of Labor, 5 MSPB 236, 237, 5 M.S.P.R. 182 (1981).

Similarly, as part of an applicant's *prima facie* case of handicap discrimination, I would require a showing that a reasonable interviewer would or should have known or been aware of the applicant's handicap. Otherwise, the applicant must affirmatively have put the agency on notice. Proof should not be required as part of the *prima facie* case, however, that the particular interviewing officer was aware of the handicap. Such a subjective proof requirement would place an overly difficult burden on a claimant.

In this case, the district court's holding of no liability did not turn on the level of sophistication of the particular interviewer in not recognizing that Blackwell was a transvestite. The court found nothing in Blackwell's past employment record which would convey the information that he was. The court also found that Blackwell's style of dress at the time of the interview, pants of a feminine style, a shirt-blouse, and a broad stretch belt, was only "somewhat more feminine than that of many homosexuals." Indeed, Blackwell himself testified that the interview clothes were "unisex" style. In any event, Blackwell does not assert that the agency *should* have been aware of his handicap simply from his appearance. His argument is that the agency's awareness is not part of his *prima facie* case, a premise which must be rejected.

---

[*] Upon an appeal of an adverse action, the agency, in effect, becomes plaintiff and bears the burden of proof in a *de novo* hearing. 5 U.S.C. § 7701(c) (1982).